# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1197V

KIMBERLY BENZ,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: March 26, 2024

*Gary A. Butler, Massa, Butler, Giglione, Pittsburgh, PA, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 13, 2021, Kimberly Benz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged she suffered a Table injury – Shoulder Injury Related to Vaccine Administration (SIRVA) – as a result of an influneza vaccine received on October 2, 2020. *See* Petition at ¶¶ 3, 25. On October 6, 2023, I issued a decision awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 44.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $53,103.46 (representing $52,471.00 for fees and $632.46 for costs). Petitioner's Motion for Attorney's Fees and Costs, filed Jan. 16, 2024, ECF No. 51. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 51-3.

Respondent reacted to the motion on January 24, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 52. Petitioner filed no reply.

I note this case required additional briefing and argument regarding the issue of damages. *See* Petitioner's Motion for a Ruling on the Record, filed Mar. 17, 2023, ECF No. 33; Petitioner's Reply Brief, filed July 21, 2023, ECF No. 40; Scheduling Order, issued Sept. 12, 2023 (regarding the Oct. 6, 2023 hearing). Petitioner's counsel expended approximately 19.5 hours[3] drafting the brief and 6.6 hours drafting the reply brief in support of damages, totaling 26.1 hours. ECF No. 51-1 at 6-9. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 51-2. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $53,103.46 (representing $52,471.00 for fees and $632.46 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Gary A. Butler.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

---

[3] The entries involved in this calculation totaled 22.3 hours, but included time spent talking with Petitioner which I normally would not include. ECF No. 51-1 at 6-7. I subtracted one-third of these entries to account for these client communications. In future cases, Petitioner's counsel should avoid this type of block billing.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master